# Wingfield v. Mann.

March 21, 1939.

Churchill Humphrey, Judge.

HENRY I. FOX for appellant.
LAWRENCE S. GRAUMAN for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Appellant, Charles F. Wingfield, filed this suit against appellee, Irvin Mann, seeking to recover a sum of money which he alleged was usury on a loan made by Mann to him. He is appealing from the judgment dismissing his petition. It is his contention that the court erred in adjudging the transaction he had with Mann to be a bona fide sale of property with an option to repurchase same rather than a mortgage to secure a usurious loan.

The chancellor has so succinctly stated the facts and his findings in an opinion filed in the record that we have seen fit to copy it herein in full. It is as follows:

"*Preliminary.*—This case is submitted in chief and on exceptions (by defendant) to depositions.

"*Point Involved.*—The question to be answered is this: Was the transaction—or series of transactions—herein complained of a mortgage to secure a usurious loan? or a bona fide sale with option to repurchase?

"*Undisputed Facts.*—Some time in late 1934 or early 1935 plaintiff's father died. Plaintiff qualified as personal representative. Plaintiff deeded defendant seventeen acres of Jefferson County land inherited from his father for $6,500.00; contemporaneously or nearly so defendant gave plaintiff a year's option to repurchase for $8,900.00. This happened in April, 1935.

"Plaintiff found his father's estate insolvent.

He settled with creditors on the basis of the $6,500.00 sale.

"In October, 1935, the Schenley (Seagram) Liquor people offered $12,500.00 for the land. Plaintiff and defendant joined in the deed. Defendant took $8,900.00 of the purchase price; plaintiff took the balance, $3,600.00. Now plaintiff is suing defendant for the difference between $8,900.00 and $6,500.00, less six per cent (6%) on $6,500.00 from April to October.

"*Law.*—There was no relation of debtor and creditor between parties. Hence Miracle v. Stone, 190 Ky. 610, 227 S. W. 1011, controls; the transaction was a sale. Hurt v. Crystal Company, 215 Ky. 739, 286 S. W. 1055, is not in point. In that case there was sale and sale back—thus creating relation of debtor and creditor.

"*Finding of Fact.*—The facts as I see them establish the transaction to have been a sale; particularly the fact that plaintiff balanced with his father's creditors on the basis of a $6,500. sale.

"*Ruling on Depositions.*—Unnecessary.

"*Ruling in Chief.*—Plaintiff's petition dismissed with costs to defendant. Exceptions for plaintiff and, of course, appeal if he wants appeal."

Our examination of the record leads us to the conclusion that the judgment of the chancellor should be affirmed. Indeed, there are circumstances, other than those mentioned by the chancellor, which show conclusively that Wingfield intended to sell the property to Mann. He had listed it for sale with a real estate agent; it was impossible to get a bid of $5,000 on the property at. a public sale; and Judge Dearing, who testified for Wingfield and who had been his father's attorney and had helped him settle his father's estate, stated that he had made several attempts to get a purchaser for the property. Other witnesses, who were present at the time the sale transaction took place, stated that it was their understanding that there was a bona fide sale of the property. The Kentucky Title Company issued a policy of title insurance on the property to Mann. When Wingfield filed the settlement of his father's estate in the Jefferson county court, he stated in part: "Affiant states that accordingly he sold the real estate and realized therefor the sum of $6500.00." Further-

more, the option was not included in the deed under which the property was transferred to Mann. It was prepared and executed subsequent to the time the property was conveyed to Mann, though on the same day.

An examination of the case of Hurt v. Crystal Ice & Cold Storage Company, 215 Ky. 739, 286 S. W. 1055, reveals circumstances and conditions entirely different from those in the case at bar. In the Hurt case the debtor and creditor arrangement under which Hurt was advanced money through his transactions with Salisbury, president of the Ice Company, and with the Company, was clearly a mortgage to secure a usurious loan. In the case at bar there was an outright sale of the property by Wingfield to Mann as shown by the circumstances leading up to and surrounding the transaction. Furthermore, there was no relationship of debtor and creditor between the parties as in the Hurt case, supra.

We have noted that the chancellor relied upon the case of Miracle v. Stone, 190 Ky. 610, 227 S. W. 1011. The opinion in that case contains a careful review of the law on mortgages and conditional sales, but here, as we have noted, the option given Wingfield by Mann was not contained in the deed from Wingfield to Mann. The first transaction between Wingfield and Mann was an outright and not a conditional sale. An application of the law reviewed in the Miracle case to the facts in the case at bar, shows conclusively that the chancellor correctly ruled that there was a bona fide sale rather than a mortgaging of the property by Wingfield to Mann. See also Lowther v. Blair Distilling Company, 266 Ky. 428, 99 S. W. (2d) 204.

Judgment affirmed.